United States District Court
Middle District of Florida
Jacksonville Division

**DELESIA THOMAS,**

    *Plaintiff,*

v.                                                                       **NO. 3:19-cv-620-J-PDB**

**COMMISSIONER OF SOCIAL SECURITY,**

    *Defendant.*

___

## Order

    Delesia Thomas brings this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) to review a final decision of the Commissioner of Social Security denying her applications for disability insurance benefits and supplemental security income. Under review is a decision by an Administrative Law Judge ("ALJ") dated August 23, 2018. Tr. 12–36. Summaries of the law and the administrative record are in the ALJ's decision, Tr. 15–29, and the parties' briefs, Docs. 18, 19, and not fully repeated here. Thomas argues the ALJ erred in finding she could return to her past relevant work by failing to properly evaluate and weigh a vocational expert's ("VE") testimony. Doc. 18.

## Background

    Thomas was born in 1963. Tr. 364. She has a high-school education and experience as a rate specialist, payroll specialist, and human resources assistant. Tr. 414–21. She stopped working on a sustained basis in 2010. Tr. 406, 414. She filed applications for benefits on June 9, 2015, Tr. 192, 193, claiming disability beginning on November 14, 2014, from fibromyalgia, arthritis, headaches, and leg swelling, Tr. 402, 406. She uses a cane because of knee and general arthritis pain. Tr. 413.

After failing at the initial and reconsideration levels, Thomas requested an administrative hearing before the ALJ. Tr. 229–30. Three administrative hearings were conducted, with an ALJ recusing himself after the second hearing. Tr. 15. A new ALJ conducted the third hearing in August 2018* at which Thomas and the VE testified. Tr. 37–63. The VE is a certified vocation expert witness for the Social Security Administration and has been since 2013. Tr. 474–75. Thomas stipulated to the VE's qualifications and had no objection to the VE testifying as an expert. Tr. 55.

The VE reviewed Thomas's vocational history and described Thomas's past work as a personnel clerk, accounting clerk, payroll clerk, and rate analyst. Tr. 58–59. The ALJ asked the VE this hypothetical:

> Assuming I find that the claimant is 55 years old, has a high school education. Assume further I find that she can perform light work but is limited by the following exertional and non-exertional impairments. She needs a sit/stand option. By that I mean she needs to be able to either sit or stand at her option to perform the work that's assigned. She needs to avoid ladders or unprotected heights. She needs to avoid the operation of heavy machinery. She can occasionally bend, crouch, kneel or stoop, but she needs to avoid squatting or crawling. She needs to avoid the push/pull of arm controls or overhead reaching. She needs to avoid the operation of foot controls. She needs a mono cane for ambulation. Can the claimant perform any of her past work either as she performed it or as it's normally performed in the national economy?

Tr. 59. The VE answered yes:

> The past work actually could still be performed. It is at a sedentary level. As far as light work with the needs to use a cane, would eliminate light work actually because a person needs to be able to walk at least [inaudible] without the use of an assistive device because they need to use both hands.

Tr. 60. The ALJ asked if the VE's testimony was consistent with the Dictionary of Occupational Titles ("DOT"), and the VE answered, "It is, Your Honor. Of course

---

*At the first hearing, the ALJ decided to order a consultative examination. Tr. 101–03. At the second hearing, a medical expert testified. Tr. 71–79.

testimony related to sit/stand options as well as time off task, breaks, unexcused absences, all of those areas are not in conflict with the DOT, however, they are based on my professional experience as well." Tr. 61.

Thomas's counsel asked the VE about the sit/stand option and its impact on Thomas's past relevant work:

> ATY Ms. Stroud, that past work, and [the] hypothetical, if necessary the claimant, a person such as the claimant would be able to do all these jobs standing up all day? Sit/stand at will?
>
> VE The sit/stand at will. These jobs will allow the flexibility to sit and stand, alternate. Of course possibly, depending on the time frame of each. That can change my answer, basically.
>
> ATY I guess I'm asking at this point if the sit/stand at will was, this is Thursday. I feel like standing today. Friday, I won't be able to stand. Would these jobs be amenable to someone spending most of their day standing?
>
> VE Only with accommodations such as a raised desk would be the only way they would still be performed at that –
>
> ATY So mostly standing would be an accommodation.
>
> VE Yes.
>
> ATY [] And what if the individual needed to, I believe she said sit for about 20 minutes, but had to walk away from the work station for about five minutes after standing up. Would that still be –
>
> VE You're saying, sir, at 20 minute intervals?
>
> ATY There would be a five minute walk-away. I guess that would go to the off task.
>
> VE That would, on a continual basis, that would not be tolerated. The individual would not be able to perform this type of work. It's very detailed and focus is required. Up and down and away from the desk would more than, based on my professional experience, would cause more time off task and mistakes.

3

ATY I don't believe, I have anything else, Your Honor.

Tr. 61–62.

## ALJ's Decision

The ALJ adopted the hypothetical from the hearing as Thomas's residual functional capacity ("RFC"), finding Thomas has the RFC to perform light work with additional limitations:

> [S]he requires a sit/stand option (defined as the ability to sit or stand at her option to perform her assigned [sic]). She must avoid ladders and unprotected heights. She must avoid the operation of heavy moving machinery. She can occasionally bend, crouch, kneel, or stoop but she needs to avoid squatting or crawling. She needs to avoid the push and pull of arm controls and overhead reaching. She needs to avoid the operation of foot controls. She also requires a mono cane for ambulation.

Tr. 20.

Based on the VE's testimony, the ALJ found Thomas could return to her past relevant work as a personnel clerk, accounting clerk, and payroll clerk, all sedentary, semi-skilled, and skilled jobs, as those jobs are "generally performed." Tr. 27–28. The ALJ therefore found no disability. Tr. 28.

The ALJ explained:

> In comparing the claimant's [RFC] with the physical and mental demands of this work, the undersigned finds that the claimant is able to perform it as generally performed. The job of a personnel clerk requires the claimant to compile and maintain personnel records for use in employee benefits administration. The job of an accounting clerk requires the claimant to perform any combination of following [sic]: calculating, posting, and verifying duties to obtain financial data for use in maintaining accounting records. The job of a payroll clerk involves compiling payroll data, and entering data or computing and posting wages, and reconciling errors, to maintain payroll records, using a computer or calculator. The job of a rate analyst requires the claimant to analyze existing freight rates, tariff regulations, and proposed or

> government-approved changes in rates to revise or recommend changes in rate structures, rules, and regulations for freight carriers. These activities do not require any activities precluded by the claimant's [RFC].
>
> The vocational expert testified that her testimony was consistent with the Dictionary of Occupational Titles. She further stated that although a sit/stand option is not discussed in the DOT, this aspect of her testimony was based on her experience and education.

Tr. 28.

## Standard of Review

A court's review of an ALJ's decision is limited to whether substantial evidence supports the factual findings and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002). Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoted authority omitted). The "threshold for such evidentiary sufficiency is not high." *Id.*

## Law and Analysis

To decide whether a person is disabled, an ALJ uses a five-step sequential process. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). At the fourth step, the ALJ must assess the claimant's RFC and ability to return to her past relevant work. *Id.* §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). The plaintiff has the burden of proving she cannot perform past relevant work. *Lucas v. Sullivan*, 918 F.2d 1567, 1571 (11th Cir. 1990). A claimant who can return to her past relevant work is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv) & (f), 416.920(a)(4)(iv) & (f).

To determine whether a claimant can perform past relevant work, an ALJ may consider a VE's testimony. *Id.* §§ 404.1560(b)(2), 416.960(b)(2). For a VE's testimony to be substantial evidence, the ALJ must pose a hypothetical question that includes

all the claimant's impairments. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180–81 (11th Cir. 2011).

Thomas argues the ALJ erred in finding she could return to her past relevant work by failing to properly evaluate and weigh the VE's testimony, arguing the VE testified the sit/stand option would require an accommodation. Doc. 18 at 6–7. The Commissioner responds:

> The ALJ generously incorporated a limitation in the RFC to permit Plaintiff to sit or stand at-will, which both the vocational expert and ALJ understood to mean the ability to alternate positions. Despite her allegations that she needed to change positions frequently, Plaintiff now wishes to interpret the sit-stand option as meaning that she would need to stand almost an entire day. As this was not the shared understanding of the ALJ and vocational expert, and Plaintiff herself has not supported the necessity of an all-day standing option, Plaintiff's argument should be dismissed.

Doc. 19 at 3.

Thomas shows no error. The ALJ's finding that she can return to her past relevant work is supported by substantial evidence in the form of the VE's testimony. The ALJ posed a hypothetical that included a sit/stand option and explained to the VE that the sit/stand option meant the hypothetical claimant had "to be able to either sit or stand at her option to perform the work that's assigned." Tr. 59. The VE testified that "[t]he past work actually could still be performed" because the jobs "will allow the flexibility to sit and stand, alternate." Tr. 60, 61. That testimony is not diluted by later testimony that an employer would have to accommodate standing most of the day, Tr. 62, because standing most of the day was not how the sit/stand option was described or understood. Moreover, the evidence does not support any limitation that Thomas must stand nearly all day and some suggests the opposite. *See* Tr. 49 (Thomas's testimony she can stand for five minutes and has to sit back down; the more she stands, the more her legs swell), Tr. 650 (RFC questionnaire completed by Thomas's treating physician stating she cannot stand for more than 20 minutes at a

time), Tr. 668 (RFC form stating Thomas can stand no more than 15 to 30 minutes at a time), Tr. 822 (medical source statement stating Thomas can stand no more than 15 to 20 minutes at a time).

Thomas observes the ALJ set no parameters on how long Thomas could sit or stand, stating only she could sit or stand at her option. Doc. 18 at 6. Thomas provides no authority or compelling reason parameters are required, and the Court can discern no compelling reason parameters were required here. As the Commissioner observes, the ALJ and VE understood the sit/stand option to mean the ability to alternate positions. Doc. 19 at 3. Courts in this circuit routinely reject the argument that the limitation is vague where, as here, there is no indication that either the ALJ or the VE misunderstood its plain meaning. *See, e.g.*, *Williams v. Barnhart*, 140 F. App'x 932, 937 (11th Cir. 2005); *Hart v. Colvin*, No. 5:12cv156/EMT, 2013 WL 4736841, at *16 (N.D. Fla. Aug. 30, 2013); *Floro v. Comm'r of Soc. Sec.*, No. 6:12-cv-928-Orl-GJK, 2013 WL 4520463, at *5–6 (M.D. Fla. Aug. 26, 2013); *Witherspoon v. Colvin*, No. CA 12-0220-C, 2013 WL 1154319, at *18 (S.D. Ala. Mar. 19, 2013); *Riley v. Astrue*, No. 6:11-cv-1437-Orl-JRK, 2012 WL 3522640, at *6–7 (M.D. Fla. Aug. 14, 2012); *Kerridge v. Comm'r of Soc. Sec.*, No. 6:10-cv-1009-Orl-DAB, 2011 WL 3739025, at *10–11 (M.D. Fla. Aug. 22, 2011).

Thomas contends that the VE did not "explor[e] [] other jobs which the Plaintiff might be able to perform at the sedentary level." Doc. 18 at 7. That failure does not warrant remand. The VE opined that Thomas could still perform her past relevant work. Tr. 60. Because Thomas has not shown that her limitations preclude performance of her past relevant work, there was no error in the ALJ's failure to explore other jobs she might be able to perform at the sedentary level. Only where a claimant is found incapable of returning to past relevant work is the ALJ obligated at step five to assess whether the claimant can adjust to other work existing in significant numbers in the national economy given her RFC, age, education, and work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

7

Thomas observes the Medical-Vocational Guidelines at step five would result in a finding of disability. Doc. 18 at 8. Because the ALJ committed no error in finding Thomas could perform her past relevant work at step four, the ALJ did not have to proceed to step five.

## Conclusion

Reversal and remand to reconsider the step-four finding is unwarranted. The Court **affirms** the Commissioner's decision and **directs** the clerk to enter judgment for the Commissioner and against Delesia Thomas and **close** the file.

**Ordered** in Jacksonville, Florida, on September 30, 2020.

_____
PATRICIA D. BARKSDALE
*United States Magistrate Judge*

c:   Counsel of record